IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **MARCUS PIERCE,** | Case Number 1:12 CV 2561 |
| Petitioner, | Judge Benita Y. Pearson |
| v. | REPORT AND RECOMMENDATION |
| **JASON BUNTING, Warden** | |
| Respondent. | Magistrate Judge James R. Knepp II |

### INTRODUCTION

This is an action initiated by *pro se* Petitioner Marcus Pierce, a prisoner in state custody, seeking a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition"). (Doc. 1). Respondent Warden Jason Bunting filed a Return of Writ with attached exhibits (Doc. 10). Petitioner then filed a Reply. (Doc. 11).[1] The district court has jurisdiction over the Petition under § 2254(a). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). For the reasons discussed below, the undersigned recommends the Petition be denied and dismissed.

### FACTUAL BACKGROUND

For purposes of habeas corpus review of state court decisions, findings of fact made by a state court are presumed correct and can only be contravened if the habeas petitioner shows, by clear and convincing evidence, that the state court's factual findings were erroneous. 28 U.S.C § 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001). This presumption of correctness applies to factual findings made by a state

---

1. Petitioner used "traverse" to identify what is currently referred to as a "reply". *See* Advisory Committee Notes (1976) to Rule 5 of Rules Governing Section 2254.

court of appeals based on the state trial record. *Mitzel*, 267 F.3d at 530. The Court of Appeals of Ohio, Fifth Appellate District, Richland County, set forth the following findings of fact:

> [¶2] On November 14, 2007, Trooper Gary Wolfe of the Ohio State Highway Patrol was observing traffic from a stationary position along Interstate 71 in Richland County. The trooper pulled onto the roadway and noticed a 2007 Ford Mustang tailgating another vehicle. At about 9:35 AM, Trooper Wolfe proceeded to make a traffic stop of the Mustang, which was owned by Budget Rental Car and was being driven by appellant.
>
> [¶3] Trooper Wolfe approached the vehicle and obtained appellant's driver's license and registration. He noticed that the car's turn signal continued to operate and that an air freshener was hanging in the car's interior. At approximately 9:37 AM, Wolfe returned to his cruiser to write out a warning for appellant and to check for warrants and license status. While waiting for a response from his dispatcher, the trooper decided to allow his drug-sniffing K-9 partner, Roy, to check around the Mustang's exterior. In order to do so, the trooper went back to the Mustang and directed appellant to go stand next to the cruiser. At about 9:45 AM, the dispatcher responded to the trooper's request for information on appellant's status. At 9:46 AM, the dog was walked around the car; he began alerting to possible drugs in the trunk area about twenty seconds later.
>
> [¶4] Trooper Wolfe and back-up officers proceeded to physically search the interior and trunk of the Mustang. They soon located four sealed plastic packages of substance subsequently confirmed as 444.82 grams of cocaine.
>
> [¶5] Appellant was thereafter indicted by the Richland County Grand Jury on one count of possession of cocaine (amount between 100 and 500 grams, a felony of the second degree) and one count of trafficking in cocaine (amount between 100 and 500 grams, a felony of the second degree). Appellant had already made bond at that time, and he was not arraigned until September 29, 2009. He entered pleas of not guilty to both counts at that time.
>
> [¶6] On January 5, 2010, appellant filed a motion to suppress or limit the use of the seized cocaine evidence. On March 29, 2010, the trial court conducted a suppression hearing. At the conclusion of the hearing, the judge stated from the bench that the motion to suppress was overruled, and he directed the prosecutor to prepare a judgment entry to that effect. On March 31, 2010, apparently having seen the proposed judgment entry, appellant's trial counsel filed a motion objecting to certain proposed factual findings set forth therein. The trial court did not rule on appellant's objection motion, and furthermore the suppression judgment entry was never filed with the court.
>
> [¶7] The case was proceeded to a jury trial on April 2, 2010. Appellant was found guilty on both counts. The trial court chose to merge Count I (possession) into

> Count II (trafficking) for sentencing as allied offenses of similar import. Appellant was thereafter sentenced to six years in prison, plus a mandatory three-year term of post-release control. See Judgment Entry, April 13, 2010.

(Ex. 10, Doc. 10).

## PROCEDURAL BACKGROUND

### State Court Proceedings

On February 8, 2008, Petitioner was indicted by a Richland County grand jury on one count of possession of cocaine in an amount between 100 and 500 grams, in violation of Ohio Revised Code § 2925.11(A), and one count of trafficking cocaine in an amount between 100 and 500 grams in violation of Ohio Revised Code § 2925.03(A)(2). (Ex. 1, Doc. 10). Petitioner, represented by counsel, entered a plea of not guilty on both charges. (Doc. 1, at 1). On January 5, 2010, Petitioner filed a motion to suppress on the grounds the evidence was obtained as a result of an illegal K-9 search around Petitioner's vehicle. (Ex. 2, Doc. 10). On February 12, 2010, Respondent filed a response in opposition to the motion to suppress. (Ex. 3, Doc. 10). A suppression hearing was conducted on March 29, 2010. (Ex. 21, Doc. 10). Following the hearing, the trial court overruled the motion to suppress on the record, finding the K-9 walk around the vehicle was not a search and did not require probable cause. (Ex. 21, Doc. 10, at 258). On the record, the court then directed the State to prepare an entry. (Ex. 21, Doc. 10, at 258). According to the docket, no entry was filed journalizing the trial court's decision on the motion to suppress. (Doc. 10, at 4). On March 31, 2010, Petitioner filed an objection to the Court's proposed order on the motion to suppress. (Ex. 4, Doc. 10). A jury trial ensued and Petitioner was found guilty as charged. (Doc. 10, at 4). On April 13, 2010, the court merged the trafficking and possession counts and sentenced Petitioner to serve a prison term of six years. (Ex. 6, Doc. 10).

3

**Direct Appeal**

On April 29, 2010, Petitioner, through different counsel, filed a timely notice of appeal with the Fifth District Court of Appeals, Richland County. (Ex. 7, Doc. 10). Petitioner raised the following three assignments of error:

1. The trial court erred by failing to issue a formal ruling on Appellant's motion to suppress.

2. The trial court erred by failing to state its essential factual findings on the record when it overruled Appellant's motion to suppress evidence.

3. The trial court erred when it overruled Appellant's motion to suppress evidence.

(Ex. 8, Doc. 10). The state filed a brief in response. (Ex. 9, Doc. 10). On May 17, 2011, the Court of Appeals affirmed the judgment of the trial court. (Ex. 10, Doc. 10).

**Ohio Supreme Court**

On June 29, 2011, Petitioner timely filed a *pro se* appeal to the Supreme Court of Ohio. (Ex. 12, Doc. 10). In his memorandum in support of jurisdiction, Petitioner asserted three propositions of law:

1. Did the Fifth District Court of Appeals lack jurisdiction, by the trial court's failure to journalize its decision denying Defendant's motion to suppress.

2. Does a K-9 walk around a vehicle constitute an unreasonable search during a lawfully detained traffic stop, a violation of the Fourth Amendment against illegal search and seizure. Did the trooper extend the scope of a traffic stop by deciding to do a thorough search using the K-9.

3. Did the Court of Appeals err in denying Defendant access to the Court pursuant to Crim. R. 12, when the trial court failed to state its essential findings regarding the suppression hearing motion on record.

(Ex. 12, Doc. 10). On October 19, 2011, the Ohio Supreme Court denied Petitioner's leave to appeal and dismissed the case as not involving any substantial constitutional question. (Ex. 13, Doc. 10).

4

**Application to Reopen - App. R. 26(B)**

Meanwhile, on August 3, 2011, Petitioner filed a *pro se* application to reopen his appeal pursuant to App. R. 26(B) asserting the following errors for review:

1. The Fifth District Court of Appeals lacked jurisdiction to hear the trial court's decision denying Defendant's motion to suppress, when the trial court failed to journalize its decision making no final appealable order for the Court of Appeals to review its decision

2. Appellate counsel failed to properly prepare his first assignment of error, raising the issue of the trial court's failure to issue

(Ex. 14, Doc. 10). The State opposed Petitioner's motion to reopen. (Ex. 15, Doc. 10). Petitioner filed a response to the State's opposition. (Ex. 16, Doc. 10). On January, 11, 2012, the Court of Appeals denied Petitioner's 26(B) application. (Ex. 17, Doc. 10).

Petitioner timely appealed the denial of his 26(B) motion to reopen to the Ohio Supreme Court. (Ex. 18, Doc. 10). In support of jurisdiction, Petition presented two propositions of law:

1. Does Appellant's counsel on appeal render ineffective assistance of counsel by failing to raise the issues of the trial court's lack of jurisdiction on appeal when the trial court failed to journalize its decision denying Appellant's motion to suppress.

2. Does the appellate court for the Fifth District Court of Appeals err by failing to protect on appeal Appellant's constitutional right to effective assistance of counsel when counsel was not prepared on appeal to present Defendant's reasonable issue?

(Ex. 19, Doc. 10). On May 9, 2012, the Ohio Supreme Court dismissed Petitioner's appeal as not involving any substantial constitutional question. (Ex. 20, Doc. 10).

### FEDERAL HABEAS CORPUS

On October 15, 2012, Petitioner, *pro se*, filed a timely petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner raised the following grounds for relief:

**Ground One:** The trial court abused its discretion at trial.

5

**Supporting Facts:** Petitioner asserts that his trial judge abused its discretion by failing to issue a final decision and journalize that decision on his motion to suppress. Petitioner was denied Due Process and access to court and appellate procedures when the trial court failed to issue a journalized decision on Petitioner's motion to suppress.

**Ground Two:** On appeal, Petitioner was denied access to the court and appellate procedures.

**Supporting Facts:** The Fifth District Court of Appeals lacked jurisdiction when the trial court failed to journalize its decision denying his motion to suppress. Wherefore, Petitioner had a constitutional right to fair proceedings that would have allowed Petitioner to properly appeal the decision of the trial court.

**Ground Three:** Conviction was obtained in violation of Petitioner's Fourth Amendment right to illegal search and seizure.

**Supporting Facts:** Petitioner's Fourth Amendment right to be free from illegal searches and illegal seizure when the officer, of his own choice, decided to walk a K-9 around the vehicle on a routine traffic stop, minus any suspicion of any illegal activity. This constituted an unreasonable search during a lawfully detained traffic stop. This case presents more than a bright line of an unreasonable stop. Petitioner's constitutional right to privacy was invaded and violated by the officer acting on a hunch. When the officer stated that Petitioner's license checked out, and he was only issuing a warning, there was no other reason to continue to search Petitioner's vehicle. This case is contrary to well-established federal law, and certainly reached an unreasonable application of already established federal law.

**Ground Four:** Denial of effective assistance of counsel at trial.

**Supporting Facts:** Petitioner was denied his right to effective assistance of counsel on appeal. Petitioner's appellate counsel should have raised on appeal his issue of no final appealable order to preserve his issues for the Ohio Supreme Court. Furthermore, Petitioner's appellate counsel simply failed to raise the issues, herein, which denied Petitioner any chance on appeal, if his issues were not properly raised. For these reasons, Petitioner was denied his right to competent counsel on appeal.

(Doc. 1).

## ANALYSIS

### Procedural Default

A petitioner must fairly present any claims to the state courts in a constitutional context

6

properly to exhaust state remedies. *Anderson v. Harless*, 489 U.S. 4 (1982); *Picard v. Connor*, 404 U.S. 270 (1971); *Shoultes v. Laidlaw*, 886 F.2d 114, 117 (6th Cir. 1989); *see also* 28 U.S.C. § 2254(b)(1)(A). The fair presentment requirement is strictly followed in the Sixth Circuit, such that catch-all allegations like a defendant claiming he was denied his constitutional right to a fair trial, when supported only by state law, does not fairly apprise the court of a specific constitutional theory. *Weaver*, 888 F.3d at 1099. Likewise, the phrases "due process" and "fair trial," by themselves, "do not call to mind a specific right protected by the Constitution." *Weaver*, 888 F.3d at 1099 (citing *Petrucelli v. Coombe*, 735 F.2d 683, 688 (6th Cir. 1984)). The Sixth Circuit noted four actions a defendant can take which are significant to the determination whether a claim has been "fairly presented": (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Franklin v. Rose,* 811 F.2d 322, 326 (6th Cir. 1987).

In his first ground for relief, Petitioner alleges he was denied Due Process because the trial court abused its discretion by failing to journalize a final decision on Petitioner's motion to suppress that resulted in his conviction of possession and trafficking cocaine. (Doc. 1, at 3). Similarly, in his second ground for relief, Petitioner asserts he was denied "fair proceedings" due to his alleged inability to properly appeal the trial court's unentered order regarding his motion to suppress. (Doc. 1, at 3). At the appellate court, Petitioner raised substantially the same issue arising in grounds one and two, arguing the trial court erred under state law. (Ex. 8, Doc. 10). In his appeal, Petitioner cited case law concerning unconstitutional searches and seizures, but failed

7

to frame the journalization issue as a constitutional violation, and cited no case law regarding Due Process or access to the court. (Ex. 8, Doc. 10). Indeed, Petitioner argues the trial court violated state procedure and uses state law to support his claim. However, "[t]he writ of habeas corpus is not available to remedy errors of only state law." *Smith v. Morgan*, 371 F. App'x 575, 582 (6th Cir. 2010) (citing 28 U.S.C. § 2254(a)); *see also Norris v. Schotten*, 146 F.3d 314, 328 (6th Cir. 1998) ("[a] claim based solely on an error of state law is not redressable through the federal habeas process.") (quoting *Estelle v. McGuire*, 502 U.S.62, 67–68 (1991)). Thus, because Petitioner did not fairly present his first and second claims as federal constitutional violations to the state court, he waives both claims for the purpose of federal habeas review. *Weaver v.* Foltz, 888 F.2d 1097, 1099 (6th Cir. 1989).

**<u>Non-Cognizable Claim</u>**

In his third ground for relief, Petitioner alleges his Fourth Amendment rights were violated by an unreasonable search and seizure of his vehicle. (Doc 1, at 3). In *Stone v. Powell*, 428 U.S. 465, 481-81 (1976), the Supreme Court held "that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." In other words, except under extremely limited circumstances, *Stone v. Powell* essentially precludes habeas corpus review of alleged Fourth Amendment violations. *Loza v. Mitchell*, 705 F. Supp. 2d 773, 859–60 (S.D. Ohio 2010) (quotations omitted).

The Sixth Circuit "set forth two distinct inquiries a court must perform when determining whether a petitioner may raise a claim of illegal arrest in a habeas action." *Machacek v. Hofbauer,* 213 F.3d 947, 952 (6th Cir. 2000) (citing *Riley v. Gray,* 674 F.2d 522 (6th Cir. 1982)). First, the

8

"court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a Fourth Amendment claim. *Riley*, 674 F.2d at 526. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism." *Id*; *see also Harding v. Russell*, 156 F. App'x 740, 745 (6th Cir. 2005); *Crump v. LeCureux*, 974 F.2d 1338 (6th Cir. 1992).

Regarding the first inquiry, the Sixth Circuit has held that Ohio, by providing for the filing of a pretrial motion to suppress and the opportunity to take a direct appeal from any ruling denying a motion to suppress, has in place a state procedural mechanism that presents the opportunity for full and fair litigation of a Fourth Amendment claim. *Riley*, 674 F.2d at 526; *see also Harding*, 156 F. App'x at 745; *Seymour v. Walker*, 224 F.3d 542, 553 (6th Cir. 2000).

Turning to the second inquiry, the Court is not persuaded that the presentation of Petitioner's Fourth Amendment claim was frustrated by any failure of Ohio's procedural mechanism. Petitioner filed a pretrial motion to suppress in which he raised essentially the same arguments that form the basis of his third ground for relief before this Court. (*Compare* Ex. 2, Doc. 10 *and* Doc. 1, at 3). A suppression hearing was conducted on March 29, 2010. (Ex. 21, Doc. 10). Subsequently, the trial court overruled the motion to suppress on the record, finding the K-9 walk around the vehicle was not a search and did not require probable cause. (Ex. 21, Doc. 10, at 258). Because Ohio provides an adequate procedural mechanisms for the litigation of Fourth Amendment claims, which Petitioner utilized by having a trial court suppression hearing then presenting his arguments on appeal to the state courts, his third claim is not cognizable for further review in this federal habeas proceeding. (Exs. 8, 13, 21, Doc. 10). The foregoing belies any argument asserting Petitioner did not have an opportunity to fully and fairly litigate his Fourth Amendment claim and the Court concludes review of Petitioner's third ground for relief

9

is barred by *Stone v. Powell.*

**Ineffective Assistance**

Petitioner's fourth ground for relief is an ineffective assistance of appellate counsel claim for failing to challenge the finality of an appealable order on the denial of appellant's motion to suppress, on the ground that such an order was never journalized by the trial court. (Doc. 1, at 3). This claim will be addressed on the merits.

Effective assistance of trial counsel is guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 685 (1984). To prevail on an ineffective assistance of counsel claim, a petitioner must satisfy both prongs of the test set forth in *Strickland*: that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and unreliable. *Strickland*, 466 U.S. at 698; *Harries v. Bell*, 417 F.3d 631, 636 (6th Cir. 2005) (citing *Strickland*, 466 U.S. at 686–692).

To meet the deficient performance prong, counsel's representation must fall below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 688. To meet the prejudice prong, there must exist a reasonable probability that, absent counsel's unprofessional errors, the results of the proceeding would have been different. *Id.* at 694. When considering the prejudice element, the focus is on whether counsel's errors undermined the reliability of and confidence in the result. *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (citing *Lockhart v. Fretwell*, 506 U.S. 364, 370 (1993)). This is a high burden:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in

10

making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Strickland*, 466 U.S. at 689.

Review of a *Strickland* claim is doubly deferential in a § 2254 proceeding. *Yarborough v. Gentry*, 540 U.S. 1, 6 (2003) (per curiam) ("Judicial review of a defense attorney[] . . . is . . . highly deferential – and doubly deferential when conducted through the lens of federal habeas."). This double deference arises because the *Strickland* standard is a general standard, giving a state court even more latitude to reasonably determine that a defendant has not satisfied the standard. *Knowles v. Mirzayance*, 556 U.S. 11, 123 (2009). "A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Richter*, 131 S. Ct. at 785. Accordingly, the pivotal question in any § 2254 action that presents an ineffective assistance claim, is "whether the state court's application of the *Strickland* standard was unreasonable." *Id*. at 785.

Here, the Court of Appeals explained it did in fact have jurisdiction, because a journalized order on Petitioner's motion to suppress was not necessary:

> In essence, we held that the conviction and sentencing entry was the true final appealable order, and that a remand for a written judgment entry on the earlier denial of the suppression motion would be a vain act. Appellant now contends his appellate counsel should have buttressed her argument with a reliance on the case of *State v. Grady,* Cuyahoga App. No. 93548, 2010-Ohio-4667, ¶ 7, wherein the Eighth District Court of Appeals held that where there is no journal entry denying a defendant's motion to withdraw a guilty plea, there is no final, appealable order. However, because of the significant procedural distinctions between a pre-trial motion to suppress evidence (as occurred in the trial court sub judice) and a post-sentence motion to withdraw plea (as occurred in *Grady*), we find appellate counsel's performance did not fall below an objective standard of reasonable representation for failure to cite *Grady* as case law authority or failure to make a broader process argument on direct appeal.

(Ex. 17, Doc. 10). Since there is no jurisdictional conflict due to the non-necessity of

11

journalizing a pre-trial motion to suppress, Petitioner's appellate counsel was not deficient for failing to present the claim as a jurisdictional issue. Further, because Petitioner's underlying issue regarding the order on his motion to suppress has already been fully considered on appeal despite not having been journalized, Petitioner could not demonstrate any prejudice even if his appellate counsel was deficient.

Thus, Petitioner has not satisfied the *Strickland* test to show ineffective counsel, nor has Petitioner shown any unreasonable application of this test by the state court. For these reasons, and with deference to the state court's adjudication, Petitioner's ineffective assistance claim is without merit and should be dismissed.

### CONCLUSION AND RECOMMENDATION

Following review, the undersigned recommends the court find Petitioner's first and second ground for relief waived, his third ground for relief non-cognizable, and his fourth ground for relief without merit. Accordingly, the Petition should be denied and dismissed.

s/James R. Knepp II<br>United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).