PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARCUS PIERCE, ) | |
| ) | CASE NO. 1:12CV02561 |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| JASON BUNTING, *Warden* ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Respondent. ) | **ORDER** [Regarding ECF No. 12, 14] |

On June 26, 2014, Magistrate Judge James R. Knepp, II issued a Report ("R&R") recommending that *pro se* Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied and dismissed.  ECF No. 12.

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of a report and recommendation to which the parties have made an objection. 28 U.S.C. § 636(b)(1)(C).  Parties must file any objections to a report and recommendation within fourteen days of service.  *Id.*; Fed. R. Civ. P. 72(b)(2).  Failure to object within this time waives a party's right to appeal the district court's judgment.  *Thomas v. Arn*, 474 U.S. 140, 145 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  Absent objection, a district court may adopt a magistrate judge's report without review.  *See Thomas*, 474 U.S. at 149.  The Magistrate Judge Act "does not allow parties to raise at the district court stage new arguments or

(1:12-CV-2561)

issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 907 n. 1 (6th Cir. 2000).

In the instant case, objections to the R&R were due by August 11, 2014. Petitioner has not filed an objection. The Court finds that the Report is supported by the record, and agrees with the magistrate judge's recommendation.

Petitioner has, however, requested that the Court stay this proceeding so that he may return to the lower courts to exhaust his claims. ECF No. 14. A district court has the equitable power to stay an action, "where such a stay would be a proper exercise of discretion." *Ryan v. Gonzales*, 133 S.Ct. 696 (2013) (citing *Rhines v. Weber*, 544 U.S. 269, 276 (2005) ("stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.") Even when petitioner demonstrates good cause, a district court may not allow a stay if the petitioner's unexhausted claims are "plainly meritless." *Id.* at 270.

In this case, Petitioner has not demonstrated good cause for his failure to present his claim of "actual innocence" on appeal to the state court. A petitioner must fairly and properly present his claims to the state courts in a constitutional context, in order to exhaust state remedies. *Anderson v. Harless*, 489 U.S. 4 (1982); *Picard v. Connor*, 404 U.S. 270 (1971); *Shoultes v. Laidlaw*, 886 F.2d 114, 117 (6th Cir. 1989); *see also* 28 U.S.C. §2254(b)(1)(A).

Furthermore, Petitioner did not raise his claim of actual innocence in his federal habeas

2

(1:12-CV-2561)

petition. The first mention of this claim appears in his response to the magistrate judge's report. Objections to a magistrate judge's report are not the correct forum to amend a petition to raise new claims. *See Murr,* 200 F.3d at 907, n.1 (noting that the Magistrate Judge Act does not permit parties to raise new issues in objections at the district court level that were not presented to the magistrate judge) (citing *United States v. Waters,* 158 F.3d 933, 936 (6th Cir. 1998) (stating that a defendant's failure to raise a claim regarding the magistrate judge's authority prior to the issuance of the magistrate judge's report and recommendation likely barred defendant from raising that claim as an objection)).

A habeas petition may be amended "as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Under Federal Rule of Civil Procedure 15(a), after the time to freely amend a pleading has passed, a party may amend its pleading only with leave of the court. Because Petitioner did not seek leave to include a new claim, his new claim is waived in this action. *See also Bahney v. Janecka,* 365 Fed. Appx. 941, *1 (10th Cir. Feb. 16, 2010) ("The district court's determination that the actual innocence claim . . . [is] also waived (procedural) is not reasonably debatable because 'theories raised for the first time in objections to the magistrate judge's report are deemed waived.") (quoting *United States v. Garfinkle,* 261 F.3d 1030, 1031 (10th Cir. 2001).

For the reasons above, the Court denies Petitioner's request for a stay and adopts the magistrate judge's Report and Recommendation. ECF No. 12. Furthermore, the Court certifies,

3

(1:12-CV-2561)

pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

      IT IS SO ORDERED.

October 31, 2014                          /s/ Benita Y. Pearson
Date                                       Benita Y. Pearson
                                             United States District Judge